## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FRANCISCO D. SARABIA,**

   **Petitioner,**

**v.**                                                                                      **No. 20-cv-0985 MV/SMV**

**WARDEN OF THE CENTRAL NEW MEXICO
CORRECTIONAL FACILITY[1] and
ATTORNEY GENERAL FOR THE STATE OF NEW MEXICO,**

   **Respondents.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Petitioner Francisco Sarabia's 28 U.S.C. § 2254 habeas petition (the "Petition"). [Doc. 1]. Sarabia challenges his state convictions based on ineffective assistance of counsel and due process violations. Having reviewed the matter sua sponte under Habeas Corpus Rule 4, the Court will require Sarabia to show cause why his Petition should not be dismissed for failure to file it within one year after the state court judgment became final.

## I. Procedural Background

In 2010, a jury convicted Sarabia of various counts of criminal sexual penetration of a child; criminal sexual contact of a minor; and child abuse. *See* Verdict in Case No. D-503-CR-2009-140.[2] The convictions stem from two cases that proceeded on the same trial track, Case

---

[1] In addition to the Attorney General of the State of New Mexico, Petitioner named the Central New Mexico Correctional Facility ("CNMCF"), where he is in custody, as a respondent. The warden of CNMCF is substituted for CNMCF as party respondent. *See* Habeas Corpus Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). The Clerk of Court shall note the substitution on the record.

[2] To better interpret the citations in the Petition, the Court takes judicial notice of the state court dockets in Sarabia's

Nos. D-503-CR-2009-002 and D-503-CR-2009-140.   *See* [Doc. 1] at 2.   Together, Cases. D-503-CR-2009-002 and D-503-CR-2009-140 will be referred to as the "Related Cases."   Sarabia was sentenced in the Related Cases to 21 years imprisonment, with six years suspended, for an actual term of 15 years.   *Id.*   Judgment was entered in each Related Case on January 19, 2011.   *See* Judgment in Related Cases.   Sarabia filed a direct appeal, and the New Mexico Court of Appeals (the "NMCA") amended several counts and affirmed the remaining convictions.   *See* Memorandum Opinion entered October 6, 2014, in A-1-CA-31155.   The New Mexico Supreme Court (the "NMSC") denied certiorari relief on November 18, 2014.   *See* Order Denying Cert. Pet. in S-1-SC-34941.

The state trial court entered a corrected judgment, pursuant to the NMCA remand, in each Related Case on September 20, 2016.   *See* Corrected Per Memorandum Opinion, Judgment and Order Partially Suspending Sentence in Related Cases (the "Corrected Judgment").   The Corrected Judgment amended certain convictions to reflect a lesser degree, *i.e.,* third degree criminal sexual contact rather than second degree, but Sarabia's sentence remained the same.   *Id.* Sarabia did not appeal the Corrected Judgment.   *See* Docket Sheet in Related Cases.   The Corrected Judgment therefore became final no later than October 21, 2016, the first business day following expiration of the 30-day direct appeal period.   *See Locke v. Saffle*, 237 F.3d 1269, 1271–1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final after expiration of

---

criminal cases, Case Nos. D-503-CR-2009-002; D-503-CR-2009-140; A-1-CA-31155; and S-1-SC-34941.   *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

the direct appeal period); Rule 12-201 NMRA (a direct appeal must be filed within 30 days after entry of the challenged judgment).

The state court docket reflects there was no activity in the Related Cases for nearly three years. On June 13, 2019, Sarabia filed a Motion to Correct Judgment and Sentence in each Related Case. *See* Motion in Related Cases. The state court denied the motions on July 16, 2020. *See* CLS Close Misc. in Related Cases.

Sarabia filed the instant § 2254 Petition on September 25, 2020. *See* [Doc. 1]. He argues that his counsel was ineffective; the victim's statement was unreliable; exculpatory evidence was excluded at trial; and the state trial judge should have recused herself. Sarabia paid the $5 filing fee, and the matter is ready for initial review under Habeas Corpus Rule 4.

## II.   Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Sarabia's judgment became final—and the habeas limitation period began to run—no later than October 21, 2016, when the appeal period expired in connection with the Corrected Judgment. *See Locke*, 237 F.3d at 1271–73.  The state docket reflects there was no case activity during the next year.  Accordingly, it appears the one-year limitation period expired no later than October 21, 2017.  Any state court habeas petitions filed after that date did not restart the clock or otherwise affect the expired limitations period.  *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (Section 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings [when the petitioner's state] applications for post-conviction relief were not filed until after . . . the end of the limitations period").[3]

Sarabia must show cause no later than May 25, 2022, why his September 25, 2020, Petition should not be dismissed as untimely.  The failure to timely respond and overcome the time bar will result in dismissal of this habeas action without further notice.  *See United States v. Mitchell*,

---

[3] The Supreme Court has created one exception to this general rule.  *Jimenez v. Quarterman* holds a state habeas order granting an out-of-time appeal can "reset [§ 2244(d)(1)]'s 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal."  555 U.S. 113, 120–21 (2009).  The *Jimenez* exception is inapplicable here because Sarabia's state appeal period was never reopened.

518 F.3d 740, 746 (10th Cir. 2008) ("[Section 2244(d)(1)]'s time bar . . . may be raised by a court *sua sponte* . . . . ").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that, no later than May 25, 2022, Sarabia must file a response showing why his § 2254 Petition should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**