IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO D. SARABIA,

    Petitioner,

v.                                                              No. 20-cv-0985 MV-SMV

WARDEN OF THE CENTRAL NEW
MEXICO CORRECTIONAL FACILITY, *et al*,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Petitioner Francisco Sarabia's 28 U.S.C. § 2254 habeas petition (Doc. 1) (Petition). Petitioner challenges his state convictions based on ineffective assistance of counsel and due process violations. The Court previously directed him to show cause why his § 2254 Petition should not be dismissed as untimely. Having researched the state docket to confirm the time-bar, and because Petitioner did not establish grounds for tolling, the Court must dismiss the Petition.

**I.  Procedural Background**

    The background facts are taken from the Petition (Doc. 1) and the docket in Petitioner's state criminal cases, Case Nos. D-503-CR-2009-002; D-503-CR-2009-140; A-1-CA-31155; and S-1-SC-34941. The state criminal filings are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

In 2010, a jury convicted Petitioner of various counts of criminal sexual penetration of a child, criminal sexual contact of a minor, and child abuse. *See* Doc. 1 at 3. The convictions stem from two cases that proceeded on the same trial track, Case Nos. D-503-CR-2009-002 and D-503-CR-2009-140. *See* Doc. 1 at 2. Together, Case Nos. D-503-CR-2009-002 and D-503-CR-2009-140 will be referred to as the "Related Cases." Petitioner was sentenced in the Related Cases to 21 years imprisonment, with six years suspended, for an actual term of 15 years. *See* Doc. 1 at 2. Judgment was initially entered in each Related Case on January 19, 2011. *See* Judgment in Related Cases. Petitioner filed a direct appeal. The New Mexico Court of Appeals ("NMCA") amended several convictions to reflect a lesser degree (*i.e.,* third degree criminal sexual contact, instead of second degree) and affirmed the remaining convictions. *See State v. Sarabia*, 2014 WL 5865104, at *1 (N.M. App. Oct. 6, 2014). The New Mexico Supreme Court ("NMSC") denied certiorari relief on November 18, 2014. *See* Order Denying Cert. Pet. in S-1-SC-34941.

The state court entered a corrected judgment, pursuant to the NMCA remand, in each Related Case on September 20, 2016. *See* Corrected Per Memorandum Opinion, Judgment and Order Partially Suspending Sentence in the Related Cases (Corrected Judgment). The Corrected Judgment amended certain convictions to reflect the lesser degree, but the sentence remained the same. *Id.* Petitioner did not appeal the Corrected Judgment. *See* Docket Sheet in Related Cases. The Corrected Judgment therefore became final no later than October 21, 2016, the first business day following expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final after expiration of the direct appeal period); NMRA, Rule 12-201 (a direct appeal must be filed within 30 days after entry of the challenged judgment).

The state docket reflects that there was no activity in the Related Cases for nearly three years. On June 13, 2019, Petitioner filed a state Motion to Correct Judgment and Sentence. *See* Motion in Related Cases. The state court denied motion in each Related Case on July 16, 2020. *See* CLS Close Misc. in Related Cases.

Petitioner filed the instant § 2254 Petition on September 25, 2020. *See* Doc. 1. He argues that counsel was ineffective, the victim's statement was unreliable, exculpatory evidence was excluded at trial, and the state trial judge should have recused. By a Memorandum Opinion and Order entered April 25, 2022, the Court screened the Petition under Habeas Corpus Rule 4 and determined that it was plainly time-barred. *See* Doc. 3 (Screening Order); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Screening Order set forth the above timeline and directed Petitioner to show cause why the case should not be dismissed as time-barred. Petitioner filed his show-cause response on May 25, 2022 (Doc. 4), and the matter is ready for review.

**II. Timeliness of the § 2254 Petition**

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, §

3

2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, equitable tolling is also available under certain circumstances. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner's judgment became final - and the habeas limitation period began to run - no later than October 21, 2016, when the appeal period expired in connection with the Corrected Judgment. *See Locke*, 237 F.3d at 1271-1273.   There was no discernable state court docket activity during the next year.   As explained in the Screening Order, any state court habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations period.   *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).[1]   Absent tolling, the appeal period therefore expired no later than October 21, 2017, and the 2020 Petition is time-barred.

The Screening Order explained the state court timeline, and Petitioner does not contest those dates.   Construed liberally, Petitioner's show-cause response seeks equitable tolling and raises a claim for actual innocence.   The Court will address each argument below.

I.    Equitable Tolling

Equitable tolling is "a rare remedy to be applied in unusual circumstances."  *Al-Yousif v.*

---

[1] The Supreme Court has created one exception to this general rule.  *Jimenez v. Quarterman* holds that a state habeas order granting an out-of-time appeal can "reset [§ 2244(d)(1)]'s 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009).   The *Jimenez* exception is inapplicable here because Petitioner's state appeal period was never reopened.

4

*Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented him from timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). He must also describe "the steps he took to diligently pursue his federal claims while those circumstances existed." *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original).

The show-cause response does not meet this standard. Petitioner alleges that he has "not stopped fighting his case" but does not know the law. While the Court is sympathetic with Petitioner's circumstances, the Tenth Circuit is adamant that ignorance of the law cannot excuse an untimely habeas filing. *See Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) (Petitioner's "misapprehension of the law could [not] excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same).

Petitioner also contends that he "always tried to call [his] trial lawyer to help … even though [he] cannot pay him[,]" and that the lawyer is "the one who told [Petitioner] to file an ineffective assistance of counsel [claim] … in 2019." Doc. 4 at 2. The Court discerns that trial counsel did not educate Petitioner about § 2254 until after expiration of the one-year period. Assuming

without deciding that such representation was defective, "counsel's negligence is not generally a basis for equitable tolling." *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007). To obtain relief, the petitioner must demonstrate that an attorney's conduct constitutes "far more than … 'excusable neglect.'" *Holland v. Florida*, 560 U.S. 631, 651-52 (2010). A "garden variety … miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling," *id.,* nor does "improper advice" equitably toll the "AEDPA's one-year window" for § 2254 filings. *Jones v. Romero*, 835 F. App'x 973, 978 (10th Cir. 2020). *See also Montoya v. Milyard*, 342 F. App'x 430, 432 (10th Cir. 2009) (The failure to "notify [petitioner] of the statute of limitations" constitutes ordinary negligence and is not grounds for tolling). On the other hand, equitable tolling is available based on "[p]articularly egregious" conduct such as failing to follow through on "repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 F. App'x 952, 955 (10th Cir. 2010). There is no allegation here that trial counsel agreed to help Petitioner with his habeas proceeding or deceived him in any way. The Court therefore cannot apply equitable tolling in this case.

    II.    <u>Actual Innocence</u>

Petitioner also seeks an equitable exception based on actual innocence. Actual innocence is a "gateway [that] … enable habeas petitioners to overcome a procedural bar in order to assert distinct claims for constitutional violations." *Farrar v. Raemisch*, 924 F.3d 1126, 1130 (10th Cir. 2019) (quotations omitted). To "claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial." *Rose v. Newton-Embry*, 194 F. App'x 500, 502 (10th Cir. 2006). "Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298,

324 (1995)).  The petitioner must also "show that in light of the new evidence, 'no reasonable juror would have found the defendant guilty.'"  *Rose*, 194 F. App'x at 502 (quoting *Schlup*, 513 U.S. at 329).  Such evidence is so rare that "in virtually every case, the allegation of actual innocence has been summarily rejected."  *Schlup*, 513 U.S. at 324.

>Here, Petitioner states that he is actually innocent of the crimes, and alleges:

>When I was first notified of these things I was shocked.  When the person accused me and made the dates known and on record and I presented my evidence to [Children, Youth, and Family Department] court[,] the criminal DA changed the dates along with the accuser then I was really up the creek.

Doc. 4 at 1.  This allegation sheds light on constitutional defects in the investigation and/or prosecution of the charges, but it does not point to any new evidence that would exonerate Petitioner.  In the context of a § 2254 petition, "actual innocence means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Accordingly, the show-cause response fails to overcome the time-bar via an actual innocence gateway claim.

The original Petition also touches on scientific evidence.  Claim 3 is predicated on the failure to allow exculpatory evidence at trial.  *See* Doc. 1 at 11-12.  According to Petitioner, the victim alleged that they were drugged during the offense, but the victim tested negative for drugs on two occasions.  *See* Doc. 1 at 11-12.  The State initially charged Defendant with crimes related to the administration of drugs but later stated that "it had asked the laboratory to perform an incorrect hair follicle test and ultimately declined to prosecute [those] charges."  *State v. Sarabia*, 2014 WL 5865104, at *1 (N.M. App. Oct. 6, 2014).  Assuming that such negative drug tests exist, they are insufficient to overcome the time-bar under the actual innocence exception.  The evidence is not new.  It was excluded at trial, Petitioner raised this issue on direct appeal, and he could have raised it in a timely habeas petition, had he known about the remedy in 2017.  *Id.*  Even if the

evidence was new, it must "affirmatively demonstrate ... innocence," not just "undermine the finding of guilt." *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (1993). The fact that the victim was not drugged does not affirmatively negate the rest of her testimony regarding criminal sexual penetration and contact. The jury ultimately accepted the victim's version of events over Petitioner's version, which makes the actual innocence exception particularly hard to establish in this case. *Cf Sarabia,* 2014 WL 5865104, at *4 (noting certain proffered testimony was insufficient to show the victim was lying). Petitioner has therefore not overcome the time-bar via an actual innocence gateway claim.

In sum, the one-year limitation period expired on October 21, 2017, and there are no grounds for tolling. Petitioner's § 2254 Petition filed on September 25, 2020 is time-barred by nearly three years. The Court will dismiss the Petition with prejudice. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Francisco Sarabia's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**Doc. 1**) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE